UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD ALLEN HARPER,<br><br>Petitioner,<br><br>v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Respondent. | No.  2:16-cv-2173 WBS KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with a request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit.  Accordingly, the request for leave to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).

The court's records reveal that petitioner has previously filed an application for a writ of habeas corpus attacking the 2002 conviction and sentence challenged in this case.  The previous application was filed on June 1, 2006, and was denied on the merits on July 21, 2009.  Harper v. Tilton, No. 06-cv-1190 GHK (E.D. Cal.).

////

////

1   Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[a] claim
2   presented in a second or successive habeas corpus application under section 2254 that was not
3   presented in a prior application shall be dismissed. . . ."  This bar applies unless

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  Before filing a second or successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

Although AEDPA does not specify what constitutes a "second or successive" petition, Hill v. Alaska, 297 F.3d 895, 897 (9th Cir. 2002), the Supreme Court and the Ninth Circuit have interpreted the term as a derivation of the pre-AEDPA "abuse-of-the-writ" doctrine.  Id. at 897-98; see also Felker v. Turpin, 518 U.S. 651, 664 (1996).  Under the abuse of the writ doctrine, a petition is "second or successive" if it raises claims that were or could have been adjudicated on their merits in an earlier petition.  See McCleskey v. Zant, 499 U.S. 467, 494-95 (1991).  See also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (citations omitted).  Accordingly, a petition may be second or successive even if the claims were not presented in a prior application. Cooper, 274 F.3d at 1273 (citing 28 U.S.C. § 2244(b)(2))).  Thus, a petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. § 2244(b).

Here, because petitioner previously challenged his 2002 conviction, petitioner is required to raise his grounds for making a second or successive petition before the Ninth Circuit, in a motion for leave to file a second or successive petition.  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

28 U.S.C. § 2244(b)(3)(A).  Petitioner was previously informed of such requirements on two occasions.[1]  Until petitioner obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this court has no jurisdiction to hear his claims.  Burton v. Stewart, 549 U.S. 147, 149 (2007) (per curiam).

Therefore, before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3).  Petitioner's application must be dismissed without prejudice to its re-filing upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

In accordance with the above, IT IS HEREBY ORDERED that petitioner's application to proceed in forma pauperis (ECF No. 2) is granted; and

IT IS RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  Petitioner is advised that failure to file objections within the specified time may

////

////

////

---

[1] Harper v. Tilton, No. 12-cv-1032 CMK (E.D. Cal. July 6, 2012) (district court transferred case to Ninth Circuit; on September 12, 2012, the Ninth Circuit denied, without prejudice, permission to file second or successive petition, providing petitioner the standards for same); Harper v. Chavez, No. 13-cv-0711 GGH (E.D. Cal. May 29, 2013) (petition denied because it was second or successive petition).

1  waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir.
2  1991).
3  Dated:  November 4, 2016

*[signature]*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

harp2173.succ